# United States District Court
# Central District of California

LAWRENCE LORENZ, an individual,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC., a corporation; UPS SUPPLY CHAIN SOLUTIONS, INC., a corporation; TERESA LEON, an individual; and DOES 1 through 20; inclusive,

Defendants.

Case No. 5:19-cv-00281-ODW(SHKx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]; and DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS AS MOOT [8]**

## I.    INTRODUCTION

On December 28, 2018, Plaintiff Lawrence Lorenz filed this disability discrimination action in the Superior Court of California for the County of San Bernardino.  (Notice of Removal ("Notice"), Ex. A ("Compl."), ECF No. 1-1.) Defendants United Parcel Service, Inc. and UPS Supply Chain Solutions, Inc. (collectively "UPS") removed this matter based on federal diversity jurisdiction. (Notice, ECF No. 1.)  Lorenz moves to remand ("Motion").  (Mot. to Remand ("Mot."), ECF No. 12.)  After reviewing the papers filed in connection with the

Motion and the Notice of Removal, the Court finds that it lacks subject matter jurisdiction. Consequently, the Court **REMANDS** this action to state court.[1]

## II.    FACTUAL BACKGROUND

This is a disability discrimination lawsuit arising from UPS's alleged wrongful termination of Lorenz's employment.  As alleged in the Complaint, in January of 2016, while working for UPS, Lorenz sustained a work-related injury that required medical treatment and modified work duty.  (Compl. ¶¶ 20–21.)  Lorenz then went on temporary disability leave because UPS lacked available modified work opportunities.  (Compl. ¶¶ 20–22.)

The following year, on or about January 5, 2017, Lorenz's supervisor, Teresa Leon, offered Lorenz a lower-paying position.  (Compl. ¶ 23.)  Lorenz interpreted Leon's offer as a threat, that Lorenz must either accept the lower-paying position or be terminated.  (Compl. ¶ 23.)  Nevertheless, Lorenz declined Leon's offer.  (Compl. ¶ 24.)  UPS terminated Lorenz's employment shortly thereafter while Lorenz was still on disability leave.  (Compl. ¶ 25.)  Lorenz claims that UPS and Leon discriminated against him, including by failing to provide a reasonable accommodation for his work-related injury and intentionally terminating his employment because of his resulting physical disability.  (*See* Compl.)

On December 28, 2018, Lorenz filed this action in San Bernardino Superior Court against Defendants UPS and Leon.  (*See* Compl.)  Lorenz is a citizen of California.  (Compl. ¶ 4; *see* Mot. 6.)  The UPS Defendants are Ohio and Delaware corporations, with principal places of business in Georgia, and thus citizens of those three states.  (Compl. ¶¶ 5–6; Notice ¶ 9.)  Leon is a citizen of California.  (Compl. ¶ 7; *see* Mot. 6.)  UPS subsequently removed the action to this Court based on federal diversity jurisdiction.  (*See* Notice ¶ 7.)  UPS also partially moved to dismiss for failure to state a claim upon which relief can be granted.  (Mot. to Dismiss 1, ECF

---

[1] After carefully considering the papers filed in connection with the Motion and the Notice of Removal, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

No. 8.)  Lorenz now moves to remand for lack of federal diversity jurisdiction. (Mot. 3.)

### III.  LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.").  A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.* §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Id.*

### IV.  DISCUSSION

UPS invokes diversity jurisdiction as grounds for this Court's subject matter jurisdiction.  (Notice ¶ 7.)  The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  The parties do not dispute the requisite amount in controversy.  Accordingly, this Motion turns on whether complete diversity exists.

Lorenz argues that complete diversity does not exist because both he and Leon are citizens of California.  (Mot. 1.)  UPS does not dispute that Leon is a citizen of

California. (Opp'n to Mot. ("Opp'n") 7, ECF No. 13; *see also* Notice ¶ 3.) Thus, Leon's citizenship destroys complete diversity.

Instead, UPS argues that the Court should disregard Leon's citizenship because she was fraudulently joined to the Complaint and is, therefore, a "sham" defendant. (Opp'n 7; Notice ¶¶ 10–12.) Complete diversity of citizenship is required to remove an action to federal court, except for "where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989) ("[A] non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.").

Courts recognize a strong presumption against fraudulent joinder, which must be "proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Consequently, the standard for establishing fraudulent joinder is more exacting than for dismissal for failure to state a claim. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549–50 (9th Cir. 2018); *see also Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL-AS, 2015 WL 1285287, at \*3 (C.D. Cal. Mar. 19, 2015) ("Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder."). Thus, remand is necessary "[i]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint." *Revay*, 2015 WL 1285287, at \*3 (C.D. Cal. Mar. 19, 2015) (internal quotation marks omitted); *see also Barsell v. Urban*

*Outfitters, Inc.*, No. CV 09-02604 MMM (RZx), 2009 WL 1916495, at *3 (C.D. Cal. July 1, 2009) ("[I]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand."). Courts should decline to find fraudulent joinder where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare*, 889 F.3d at 549–50.

Here, Lorenz asserts two claims against Leon in his Complaint: (1) intentional infliction of emotional distress ("IIED"); and (2) negligent infliction of emotional distress ("NIED"). (Compl. ¶¶ 82–87, 88–93.) Both claims relate to Leon's alleged discrimination against Lorenz based on Lorenz's physical disability. Thus, if a "non-fanciful possibility" exists that Lorenz can state a claim against Leon for IIED and NIED, then she is not a sham defendant.

UPS argues that Lorenz cannot plausibly state a claim against Leon because her "alleged conduct occurred within the course and scope of employment and is thereby protected by the managerial privilege." (Opp'n 15–16.) Additionally, UPS argues that workers' compensation exclusivity bars Lorenz's IIED and NIED claims. (Opp'n 14–15.) The Court will address these arguments in turn.

UPS cites several cases to support its assertion that managerial privilege precludes Lorenz's IIED and NIED claims against Leon. However, Defendants' cases are inapposite. Managerial conduct can give rise to IIED claims when it is "extreme and outrageous" and "goes beyond the act of termination." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1053 (C.D. Cal. 2013). Moreover, managerial immunity "has no place in a case where an employee alleges that a manager acted with discriminatory intent." *Morris v. Mass. Elec. Constr. Co.*, No. CV 15-7804 DMG (GJSx), 2015 WL 6697260, at *2 (C.D. Cal. Nov. 3, 2015). Here, Lorenz claims that Leon acted with discriminatory intent and in an extreme and outrageous manner. (Compl. ¶¶ 31, 83.) Taking all reasonable inferences in favor of Lorenz, there is a non-fanciful possibility that he can state a claim against Leon for IIED. Thus, UPS

has not met its burden of demonstrating that managerial immunity bars Lorenz's claims against Leon.

UPS also argues that workers' compensation exclusivity precludes Lorenz's claims against Leon. However, discriminatory conduct "exceeds the risks inherent in the employment relationship and, as such, is not subject to the exclusive remedy provisions of the Workers' Compensation Act." *Gibson v. Am. Airlines*, No. C 96-1444 FMS, 1996 WL 329632, at *5 (N.D. Cal. June 6, 1996); *see also Onelum*, 948 F. Supp. 2d at 1054 (finding emotional distress damages not preempted where the plaintiff contends "the employer's conduct is outside the normal risks of the employment relation."). "The Legislature . . . did not intend that an employer be allowed to raise the exclusivity rule for the purpose of deflecting a claim of discriminatory practices." *Murray v. Oceanside Unified Sch. Dist.*, 79 Cal. App. 4th 1338, 1362 (2000). As with managerial privilege, Lorenz claims that Leon discriminated against him due to his disability. Thus, UPS has not met its burden of demonstrating that workers' compensation exclusivity bars Lorenz's claims against Leon.

Additionally, "if there is any possibility that the state law might impose liability on a resident . . . in a future amended complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Revay*, 2015 WL 1285287, at *3 (internal quotation marks omitted). Thus, even if Lorenz's Complaint lacked sufficient factual allegations amounting to discrimination or harassment, it is possible that Lorenz could provide additional evidence to support such claims through amendment. *See, e.g.*, *Padilla*, 697 F. Supp. 2d at 1159 ("Even if [the plaintiff] did not plead facts sufficient to state a claim against [the resident defendant], [the defendants] have not established that [the plaintiff] could not amend her pleadings and ultimately recover.").

Thus, UPS has not met its burden of demonstrating by clear and convincing evidence that a jury could not possibly find Leon liable under at least one of the

theories raised. Leon is therefore not a sham defendant and the Court cannot disregard her citizenship. Accordingly, complete diversity is lacking and the Court lacks subject matter jurisdiction.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 12) and **REMANDS** the action to the Superior Court of California, County of San Bernardino, Case No. CIVDS1833793, 247 West Third Street, San Bernardino, California 92415. Consequently, the Court **DENIES AS MOOT** Defendant's Partial Motion to Dismiss. (ECF No. 8.)


**IT IS SO ORDERED.**


July 19, 2019


_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**